UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JESUS GONZALEZ,                         CASE NO. CV F 13-0575 LJO SKO

              Plaintiff,          **ORDER TO DISMISS ACTION AND**
**JUDGMENT THEREON**
(Doc. 11.)

    vs.

UNITED STATES DEPARTMENT
OF JUSTICE,

              Defendant.

_____/

## PRELIMINARY STATEMENT TO THE PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact United States Senators Dianne Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action.

## INTRODUCTION

Defendants United States of America ("Government") seeks to dismiss in the absence of this Court's jurisdiction plaintiff Jesus Gonzalez' ("Mr. Gonzalez'") action for return of

1

$154,679 ("funds") held by the Drug Enforcement Administration ("DEA").  The Government contends that Mr. Gonzalez neither responded timely to DEA notices nor submitted a timely claim to render the funds administratively forfeited in DEA's favor and to divest this Court's jurisdiction.  Mr. Gonzalez responds that he "properly proceeded with an administrative action and when relief was exhausted," he filed this action.  This Court considered the Government's F.R.Civ.P. 12 motion to dismiss on the record without a hearing.  *See* Local Rule 230(g).  For the reasons discussed below, this Court DISMISSES this action and ENTERS judgment in the Government's favor.

## BACKGROUND

### Funds' Seizure

On March 3, 2012, Coalinga Police Department officers executed a search warrant at 18752 13th Street, Huron, California ("seizure address") in connection with an investigation into Salvador Gariby Bravo's ("Mr. Bravo's") distribution of methamphetamine.  At the seizure address, the officers encountered Mr. Bravo, Mr. Gonzalez, Esperanza Reyes Saucedo ("Ms. Saucedo"), Manuel Ascencio Becerra ("Mr. Becerra"), and Arcadio Lopez Garcoa ("Mr. Garcoa").[1]

Ms. Saucedo informed the officers that:

1.      She was Mr. Gonzalez' mother and Mr. Bravo's girlfriend;

2.      She lived at the seizure address;

3.      Mr. Bravo had lived at the seizure address for 20 years; and

4.      Mr. Gonzalez stayed at the seizure address from time to time.

In his opposition papers, Mr. Gonzalez confirmed that he lived at the seizure address with Ms. Saucedo.

The officers found the funds in a safe in a coat closet in the seizure address' living room.  Mr. Gonzalez provided the officers the safe's combination and indicated the safe contained $10,000, later indicated it contained $50,000, and finally indicated it contained

---

[1]      This Court will refer to Mr. Bravo, Mr. Gonzalez, Ms. Saucedo, Mr. Becerra, and Mr. Garcoa collectively as the "potential claimants."

2

$100,000.  The officers located in the safe the funds and a .38 caliber revolver.  The officers seized methamphetamine, cocaine, hashish, scales and packaging materials.

Mr. Gonzalez claimed the funds were from his La Esperanza Restaurant, 36865 S. Lassen, Huron, CA 93234 ("restaurant").  A trained canine positively alerted the presence of illegal narcotics on the funds.

### Initial Forfeiture Of The Funds

On April 4, 2012, the DEA accepted the funds for forfeiture based on violation of 21 U.S.C. § 841, et seq., and as furnished in exchange for a controlled substance.  The DEA commenced administrative forfeiture of the funds.

### First Round Of Seizure Notices

On April 26, 2012, DEA sent by certified mail, return receipt requested a funds' seizure notice to each potential claimant addressed to the seizure address.  The notices for each potential claimant were returned to DEA with the notation "Returned to Sender, No City Delivery, Must Be Addressed to Post Office Box."  On April 26, 2012, DEA also sent funds' seizure notices by certified mail, return receipt requested to Mr. Gonzalez and the restaurant addressed to the restaurant's address.  The notices were returned to DEA with the same notation as the other returned notices.

On May 14, 21 and 29, 2012, funds' seizure notices were published in the *The Wall Street Journal*, a newspaper of general circulation in the Eastern District of California.  The notices indicated the June 28, 2012 deadline to file a claim for the funds.

### Second Round Of Seizure Notices

On June 21, 2013, after confirming Mr. Gonzalez' current address of 16734 13th Street, Huron, CA 93234, the DEA sent Mr. Gonzalez funds' seizure notices at that address by certified mail, return receipt requested and by first class mail to provide Mr. Gonzalez up to July 26, 2012 to file a claim as to the funds.  The notices were returned to DEA with the notation "Returned to Sender, No City Delivery, Must Be Addressed to Post Office Box."

In addition, on June 21, 2013, after confirming Ms. Saucedo's current address of 16752 13th Street, Huron, CA 93234, the DEA sent Ms. Saucedo funds' seizure notices at that address

3

by certified mail, return receipt requested and by first class mail to provide Ms. Saucedo up to July 26, 2012 to file a claim as to the funds.  The notices were returned to DEA with the notation "Returned to Sender, No City Delivery, Must Be Addressed to Post Office Box."

Moreover, on June 21, 2013, after confirming the current addresses of Mr. Bravo, Mr. Garcia, and Mr. Becerra, the DEA sent Mr. Bravo, Mr. Garcia, and Mr. Becerra funds' seizure notices at their current addresses by certified mail, return receipt requested and by first class mail to provide Mr. Bravo, Mr. Garcia, and Mr. Becerra up to July 26, 2012 to file a claim as to the funds.  The notices were returned to DEA with the notation "Returned to Sender, No City Delivery, Must Be Addressed to Post Office Box."

The Government notes that as of June 21, 2012, DEA had mailed five funds' seizure notices to Mr. Gonzalez and no less than three notices to each of the other potential claimants to provide specific, detailed instructions on how to contest forfeiture by filing a claim and/or filing a petition to request remission or mitigation of the forfeiture.

On August 9, 2012, in the absence of DEA's receipt of a timely, valid claim, the funds were forfeited to the Government.

### Rescission Of Forfeiture

With his August 16, 2012 letter, Rodney R. Rusca ("Mr. Rusca"), counsel for Mr. Gonzalez and Ms. Saucedo, requested DEA "to reopen matters in the interests of justice for a lack of due process" in that Ms. Saucedo had daily checked her post office box but had received no notice as to the funds.  Mr. Rusca's August 31, 2012 letter again requested reopening in the absence of Ms. Saucedo's receipt of notice at her post office box.

Mr. Rusca claims that in May 2012 he spoke with DEA Agent Tighe, who informed Mr. Rusca that "there was an administrative action and that there was nothing that could be done until a letter was received" from DEA.  Mr. Rusca further claims he called Agent Tighe periodically and was told "to wait for the letter and that it would arrive."  Mr. Rusca notes that he "was later informed that a letter was sent and the case was closed."

On September 21, 2012, the DEA sent a funds' seizure notice to Ms. Saucedo in care of Mr. Rusca at his Fresno office address.  Delivery of the notice was accepted.  The notice

4

provided Ms. Saucedo up to October 26, 2012 to file a claim as to the seized funds.  Mr. Gonzalez' operative complaint ("complaint") in this action states:  "We were mailed notice on September 21, 2012."

On October 3, 2012, DEA rescinded the funds' forfeiture.

On October 22 and 24, 2012, DEA received petitions of remission or mitigation of forfeiture prepared by Mr. Rusca for Mr. Gonzalez and Ms. Saucedo.  DEA's November 12, 2012 letter to Mr. Rusca acknowledged DEA's receipt of the petitions.  Delivery of the letter by certified mail, return receipt requested was accepted.

### Second Forfeiture Of Funds

On December 6, 2012, in the absence of DEA's receipt of a timely, valid claim, the funds were forfeited to the Government.  Mr. Rusca's December 4, 2012 letter was received by DEA on December 7, 2012 and requested DEA to "hold your administrative determination until we send the additional information."  The letter referenced filing documents in an action in this Court entitled *Jesus Gonzalez v. United States Department of Justice*, Case No. CV F 12-1751 LJO SAB.

On March 11, 2013, DEA received from Mr. Rusca additional documents to support Mr. Gonzalez' and Ms. Saucedo's petitions for remission or mitigation of forfeiture.  DEA's March 13, 2013 letter denied the petitions and informed Mr. Rusca that Mr. Gonzalez and Ms. Saucedo had ten days from receipt of the letter to submit a reconsideration request.  Delivery of the letter by certified mail, return receipt requested was accepted.   DEA received no reconsideration request.

Since denial of the petitions had been issued prior to DEA's consideration of additional documents provided by Mr. Rusca, DEA reviewed the additional documents and reconfirmed denial of the petitions in an April 16, 2013 letter to Mr. Rusca.  The letter provided Mr. Gonzalez and Ms. Saucedo ten days from receipt of the letter to submit a reconsideration request.  Delivery of the letter by certified mail, return receipt requested was accepted.  DEA received no reconsideration request.

/ / /

**Civil Actions**

On October 26, 2012, Mr. Gonzalez and Ms. Saucedo had filed prior actions against the Government in this Court.  Mr. Gonzalez' complaint in his prior action is nearly identical to his complaint in this action.  Ms. Saucedo's action was dismissed given failure to allege filing of a forfeiture claim to invoke this Court's jurisdiction.  Mr. Gonzalez action was dismissed with his request to do so.

On April 22, 2013, Mr. Gonzalez filed his complaint to initiate this action to seek the funds "being held as evidence in Salvador Bravo's criminal investigation."  The complaint alleges the funds were "generated legally, through hard work at Restaurante La Esperanza," and personal savings.

**DISCUSSION**

The Government argues that Mr. Gonzalez' claims to the funds are barred in that the DEA provided him actual and constructive notice.  The Government contends that Mr. Gonzalez is not entitled to relief under F.R.Crim.P. 41(g) or 18 U.S.C. § 983(e) to invoke this Court's jurisdiction.

**Return Of Property Under F.R.Crim.P. 41(g)**

F.R.Crim.P. 41(g) permits a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property" to seek return of the property in the appropriate criminal action.  The Government notes that F.R.Crim.P. 41(g) "applies to criminal matters, but not to civil forfeiture cases."  F.R.Crim.P. 1(a)(5)(B) identifies "a civil property forfeiture for violating a federal statute" as a proceeding not governed by the Federal Rules of Criminal Procedure.

The Government notes that its forfeiture proceedings bar F.R.Crim.P. 41(g) relief for Mr. Gonzalez.  After "the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting," including a Rule 41(g) motion.  *U.S. (Drug Enforcement Agency) v. One 1987 Jeep Wrangler Auto. VIN No. 2BCCL8132HBS12835,* 972 F.2d 472, 479 (2nd Cir. 1992); *see United States v. United States Currency, $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988) ("[W]hen a civil forfeiture

6

proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant"); *United States v. Elias*, 921 F.2d 870, 873 (9th Cir. 1990). The Government concludes that given DEA's administrative forfeiture, the Capital Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983 ("section 983") provides Mr. Gonzalez "his only remedy at law to challenge the forfeiture."

Mr. Gonzalez acknowledges that an administrative hearing under F.R.Crim.P. 41(g) "is not proper," "we are limited with a civil action remedy and Rule 41(g) has no application." As such, the parties agree that F.R.Crim.P. 41(g) fails to invoke this Court's jurisdiction.

## CAFRA Limitations

The Government contends that Mr. Gonzalez' failure to file a timely claim precludes CAFRA relief to invoke this Court's jurisdiction. Mr. Gonzalez notes that he pursued an administrative action but fails to identify it.

### *Failure To File Claim*

"[I]f no one files a claim for the property, the DEA may administratively forfeit it by default, which forfeiture has the same force and effect as a final decree and order of forfeiture in a judicial proceeding." *Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy,* 552 F.3d 885, 889 (D.C. Cir. 2009). CAFRA sets forth the exclusive remedy to seek to set aside a declaration of forfeiture under a civil forfeiture statute. *Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir.2005); 18 U.S.C. § 983(e)(5). A party seeking to challenge a nonjudicial forfeiture that falls within CAFRA's purview is limited to doing so under section 983(e), which provides:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-

> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and

> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

. . .

(5)   A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.

Because section 983(e) is the exclusive remedy to set aside a declaration of forfeiture under a civil forfeiture statute, a district court lacks jurisdiction to review the merits of administrative or nonjudicial forfeitures.   *U.S. v. Shigemura*, 664 F.3d 310, 312 (2011) ("because Defendant failed to file an administrative claim to contest the forfeiture of the $44,853.39 in cash, the court lacked jurisdiction to hear his 41(g) motion as it related to this issue");  *Mohammad v. United States*, 169 Fed.Appx. 475, 480 (7th Cir. 2006) ("By initiating administrative forfeiture proceedings . . .-that is, by sending notice of a seizure and proposed forfeiture to parties known to be interested in the property and publishing notice to all others in a newspaper-an agency holding seized property divests the district court of subject matter jurisdiction to review the forfeiture.");  *United States of America v. Cobain*, 2008 WL 5397141, at *4 (E.D. Cal. 2008).  Instead, a court's review "is limited to determining whether the agency followed the proper procedural safeguards" in forfeited property.  *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005).

A completed forfeiture action, that is, a forfeiture action in which the seized funds have been distributed within the federal government, can be set aside only by what would be, in effect, a suit against the United States itself.   *Diaz v. United States*, 517 F.3d 608, 611 (2nd Cir. 200). Such a suit would run afoul of the doctrine of sovereign immunity, "which, absent a waiver, shields the federal government and its agencies from suit." *Diaz*, 517 F.3d at 611. Although CAFA provides such a waiver, it is limited solely to notice-based actions under section 983(e)(1). *See* 18 U.S.C. § 983(e) (5); *McKinney v. U.S. Dep't of Justice Drug Enforcement Admin.*, 580 F.Supp.2d 1, 3–4 (D. D.C. 2008). The limitation in section 983(e) is jurisdictional and must be strictly construed. *See S.E.C. v. Credit Bancorp., Ltd.*, 297 F.3d 127, 136 (2d Cir.2002). Therefore, because an attack on the merits of a forfeiture determination is not an action brought under section 983(e)(1), a court lacks subject matter jurisdiction over

8

1   such a claim. *United Sates v. Pickett*, 2011 WL 3876974, at *2 (E.D.N.Y. 2011).

2       The Government argues that DEA provided Mr. Gonzalez adequate notice and

3   procedural safeguards in that:

4       1.      After their seizure, the funds were turned over to DEA, which instituted an

5   administrative forfeiture proceeding on April 4, 2012;

6       2.      On April 26, 2012 and June 21, 2012, DEA mailed 17 funds' seizure notices to

7   the potential claimants;

8       3.      DEA published funds' seizure notices on May 14, 21 and 29, 2012; and

9       4.      DEA rescinded the administrative forfeiture and on September 21, 2012 sent

10  additional funds' seizure notices.

11  The Government notes that Mr. Gonzalez and Ms. Saucedo were present during the funds'

12  seizure and had actual notice and that the complaint acknowledges notice of the funds'

13  administrative forfeiture. The Government points to five seizure notices sent to Mr. Gonzalez.

14      The Government argues that this court lacks jurisdiction to review the merits of a

15  completed administrative forfeiture such as the case here where "no valid claim was made and

16  the asset at issue was administratively forfeited." The Government contends that Mr. Gonzalez

17  is unable to satisfy lack of knowledge "of the seizure within sufficient time to file a timely

18  claim" (section 983(e)(1)(B)) in that his complaint acknowledges "[w]e were mailed notice on

19  September 21, 2012." The Government concludes that given such acknowledgement, "the

20  notice requirements have been satisfied, and the court lacks jurisdiction." The Government

21  further points to the absence of Mr. Gonzalez' claim after completion of publication of the

22  seizure notices.

23      Mr. Gonzalez offers no meaningful, specific points or evidence to oppose the

24  Government. Mr. Gonzalez offers conclusory statements that "notice was never received," an

25  "administrative claim was submitted timely under proper notice," "an administrative hearing

26  was pursued," and "we have already had [sic] been through the administrative hearing

27  process." Mr. Gonzalez appears to claim administrative exhaustion but fails to provide

28  specifics. Administrative exhaustion is inapplicable in that this Court's review is limited to

evaluation of procedural safeguards. Mr. Gonzalez fails to demonstrate lack of notice of the funds' seizure, especially given the multiple funds' seizure notices sent to him and Mr. Rusca and his presence at the seizure address when the funds were originally seized.

### Denial Of Petition For Remission Or Mitigation

The Government continues that this Court lacks jurisdiction to the extent the complaint alleges that DEA erred to deny Mr. Gonzalez' petition for remission or mitigation.

As an alternative to filing a claim, a claimant may "petition the administrative agency for remission and/or mitigation." *U.S. (Drug Enforcement Agency) v. One 1987 Jeep Wrangler Auto. VIN No. 2BCCL8132HBS12835,* 972 F.2d 472, 479 (2nd Cir. 1992). Under the alternatives, a "claimant is afforded the opportunity to test the legality of the seizure in the forfeiture proceeding. . . . Consequently, once the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting . . ." *One 1987 Jeep Wrangler*, 972 F.2d at 479. As such, the general rule is "that courts do not have the power to review a denial of a petition for remission of forfeiture." *See Marshall Leasing, Inc. v. United States*, 893 F.2d 1096, 1101 (9th Cir. 1990); *United States v. One 1973 Buick Riviera Automobile*, 560 F.2d 897, 900 (8th Cir. 1977) (denial of petition for remission filed with DEA is not subject to judicial review on merits).

The Government notes that the funds' seizure notices advised Mr. Gonzalez of his options to "request the remission (pardon) or mitigation of the forfeiture" by filing "a petition for remission or mitigation" with DEA, or contesting the forfeiture by filing "a claim" with DEA. The Government points out that DEA considered Mr. Gonzalez' petition for remission and additional documents and confirmed denial of the petition. The Government further notes that Mr. Gonzalez had forgone reconsideration. The Government concludes that this Court lacks jurisdiction given Mr. Gonzalez' exercise to pursue a petition for remission.

Mr. Gonzalez offers nothing to invoke this Court's jurisdiction based on his petitions of remission or mitigation. The record reveals that DEA reviewed them and additional materials submitted by Mr. Rusca. Mr. Gonzalez was granted and exercised an opportunity to test the legality of the funds' seizure. Mr. Gonzalez is unclear whether he considers his petitions for

remission or mitigation as administrative claims.  Despite the absence of clarity, the result is the same.  Mr. Gonzalez fails to invoke this Court's jurisdiction.

### CONCLUSION, ORDER AND JUDGMENT

For the reasons discussed above, this Court:

1.      DISMSSES with prejudice this action in the absence of subject matter jurisdiction;

2.      ENTERS judgment in favor of defendant United States and against plaintiff Jesus Gonzalez; and

3.      DIRECTS the clerk to close this action.

This JUDGMENT is subject to F.R.App.4(a)'s time limitations to file an appeal of this JUDGMENT.

IT IS SO ORDERED.

Dated:   **October 21, 2013**                    **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE

11